```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - X
                                                    06 Civ. 8149 (WCC)
REV. ALEXANDRA COE,                         :
                                                        ECF CASE
                        Plaintiff,          :

        - against -                         :          OPINION
                                                       AND ORDER
TOWN OF BLOOMING GROVE and VILLAGE OF        :
WASHINGTONVILLE,
                                             :
                        Defendants.
                                             :
- - - - - - - - - - - - - - - - - - - - - X


A P P E A R A N C E S :

                                        BERGSTEIN & ULLRICH, LLP
                                        Attorneys for Plaintiff
                                        15 Railroad Avenue
                                        Chester, New York 10918

STEPHEN BERGSTEIN, ESQ.

        Of Counsel


                                        JACOBOWITZ AND GUBITS, LLP
                                        Attorneys for Defendants
                                        158 Orange Avenue
                                        P.O. Box 367
                                        Walden, New York 12586

J. BENJAMIN GAILEY, ESQ.

        Of Counsel
```

**Copies E-Mailed to Counsel of Record**

**CONNER, Senior D.J.:**

Plaintiff Rev. Alexandra Coe brings this action against defendants the Town of Blooming Grove (the "Town") and the Village of Washingtonville (the "Village") pursuant to 42 U.S.C. § 1983, alleging that certain ordinances enacted by defendants impermissibly restricted protected speech and association in violation of the First Amendment to the United States Constitution. Plaintiff's allegations stem from her attempt to hold a "peace rally" on Village property coinciding with the federal elections on November 4, 2006. Specifically, plaintiff alleges that defendants' public assembly ordinances violate the First Amendment in that they: (1) require a person seeking a public assembly permit to purchase insurance at significant personal cost regardless of the applicant's financial means; and (2) vest absolute discretion to grant or deny permits in the Town's Board of Trustees (the "Town Board"). Following an Order to Show Cause hearing on October 25, 2006, the Court instructed plaintiff to file an application for a public assembly permit despite her inability to procure sufficient liability insurance, and the Town Board agreed to convene and rule on the request no later than October 30, 2006. The Court also granted plaintiff permission to file a motion for summary judgment on the constitutionality of the ordinances.

The Board granted plaintiff's request for a permit, and she held her rally as planned. Defendants then informed the Court that they were in the process of amending their public assembly ordinances and, as a consequence, the Court stayed briefing on plaintiff's motion for summary judgment. Presently before the Court is plaintiff's motion pursuant to 42 U.S.C. § 1988 to recover attorney's fees for services rendered in connection with the Order to Show Cause hearing. Defendants object to an award of attorney's fees, contending that plaintiff is not a "prevailing party"

within the meaning of § 1988.[1]  For the reasons that follow, plaintiff's motion is denied without prejudice.

## BACKGROUND

Plaintiff is an ordained minister and political activist residing in the Village, a municipality located within the Town.  On September 25, 2006, plaintiff spoke with officials of the Town and obtained a permit application for the use of the Moffat Library on Route 94 in the Village.  She also spoke with Town Supervisor Charles Bohan, who informed her that she was required by ordinance to obtain a liability insurance policy prior to holding her rally.  The Town Code called for the acquisition of a policy in the amount of "$1,000,000 or an amount approved by the [Town]."  (Am. Complt. ¶ 10.) The materials provided to plaintiff required that applications to use public property be filed at least two months prior to the intended use date.  (*Id.* ¶ 15.)

Upon discovering that she could not afford the required insurance coverage, plaintiff filed the instant lawsuit, contending that several sections of the Town Code and Village Code violated the First Amendment.[2]  On October 25, 2006, the parties appeared at an Order to Show Cause hearing, at which time the Court instructed plaintiff to apply for a permit, which the Town Board agreed to consider on a highly expedited basis, namely, within five days, notwithstanding plaintiff's inability

---

[1] 42 U.S.C. § 1988(b) provides in relevant part: "In any action or proceeding to enforce a provision of [§ 1983] . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . . ."

[2] Specifically, plaintiff alleges that sections 165-2, 165-3 and 165-4 of the Town Code, as well as sections 125-19 and 125-20 of the Village Code violate the First Amendment.  We do not, at this juncture, address plaintiff's arguments in detail, as the constitutionality of these and other ordinances is the subject of a motion currently being briefed by the parties and the only issue presently before the Court is whether plaintiff is a prevailing party within the meaning of § 1988(b).

to procure the requisite amount of insurance. Plaintiff's application was granted and she was able to stage her demonstration on election day at the location of her choice. Plaintiff now seeks to recover attorney's fees incurred in connection with prosecuting the Order to Show Cause.

## DISCUSSION

In order to qualify as a prevailing party within the meaning of § 1988, plaintiff must satisfy the requirements set forth by the United States Supreme Court in *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598 (2001). In *Buckhannon*, the Supreme Court disavowed the so-called "catalyst theory"[3] and held that a prevailing party is one who "receive[s] at least some relief on the merits of his claim . . . ." *Id.* at 603. Citing as examples the entry of judgments on the merits and court-ordered consent decrees, the Court stated that a prevailing party achieves a "material alteration of the legal relationship of the parties" through action bearing "judicial *imprimatur*." *See id*. at 604-05 (internal quotation marks omitted; citation omitted).

Despite the Supreme Court's specific use of the aforementioned two examples, the Second Circuit has stated that

> it seems clear from even the majority opinion in *Buckhannon* that the Court intended its statements about judgments on the merits and court-ordered consent decrees as merely examples of the type of judicial action that could convey prevailing party status. . . . We therefore join the majority of courts to have considered the issue since *Buckhannon* in concluding that judicial action other than a judgment on the merits or a consent decree can support an award of attorney's fees, so long as such action carries with it sufficient judicial imprimatur.

---

[3] "The catalyst theory . . . posits that a plaintiff is a prevailing party if it achieves the desired result because the lawsuit brought about a voluntary change in the defendant's conduct." *Buckhannon*, 532 U.S. at 601 (internal quotation marks omitted).

3

*Roberson v. Giuliani*, 346 F.3d 75, 81 (2d Cir. 2003) (internal quotation marks omitted; citations omitted; footnote omitted).

Although we acknowledge that, in the present case, the Court instructed defendants to consider plaintiff's request for a permit to conduct her demonstration, we neither entered a preliminary injunction nor ruled on the constitutionality of the ordinances—an issue that is the subject of plaintiff's motion for summary judgment.[4]  Plaintiff's motion for attorney's fees is thus premature.  *Cf. Dattner v. Conagra Foods, Inc.*, 458 F.3d 98, 103 (2d Cir. 2006) ("[B]ecause it remains to be seen which party will, in fact, prevail on the merits, defendants have not yet achieved a judicially sanctioned change in the legal relationship of the parties so as to be considered prevailing . . . .") (internal quotation marks omitted); *Soc'y for Good Will to Retarded Children, Inc. v. Cuomo*, 737 F.2d 1253, 1254 (2d Cir. 1984) ("While our earlier opinion may make it seem likely that plaintiffs will be entitled to some relief, it is impossible to be certain how much—if any—will eventually be granted.").  Accordingly, plaintiff's motion must be denied without prejudice pending the outcome of her summary judgment motion.

Nevertheless, we note that little dispute existed between the parties at the Order to Show Cause hearing that the original ordinances were unconstitutional as applied to plaintiff.  Indeed, the Town Board moved quickly to amend its ordinances in an effort to voluntarily remedy the situation and avoid costly future litigation.  Therefore, the parties are urged to consider collaborating on the drafting of constitutionally-permissible public assembly ordinances and settle the matter in order to

---

[4] We note parenthetically that the mere fact that plaintiff was permitted to hold her demonstration does not render her motion for summary judgment moot, as her Amended Complaint includes a claim for nominal damages.  *See McKenna v. Peekskill Hous. Auth.*, 647 F.2d 332, 335 (2d Cir. 1981) ("The availability of either nominal or substantial damages is sufficient to prevent this case from becoming moot.").

avoid incurring unnecessary additional legal fees.

## CONCLUSION

For all of the foregoing reasons, the motion of plaintiff Rev. Alexandra Coe for attorney's fees pursuant to 42 U.S.C. § 1988 is denied without prejudice. No costs or fees shall be assessed against either party.

SO ORDERED.

Dated: White Plains, New York
       June 18, 2007

*William C. Conner*
Sr. United States District Judge

5